**ATCHISON, T. & S. F. RY. CO. et al. v. CADE. (No. 7137.)**

(Court of Civil Appeals of Texas. San Antonio. April 2, 1924. Rehearing Denied May 7, 1924.)

**I. Appeal and error ⬅⬤756—Attorneys should identify papers on appeal.**

In view of legislative permission to attorneys to file typewritten briefs of any length desired, they should aid appellate court in identification of papers by indicating on wrappers character of paper contained therein.

**2. Carriers ⬅⬤228(5) — Unnecessary delay in transporting cattle shown.**

Evidence *held* to show unnecessary delay in transporting cattle and failure properly to feed and water them in transit.

**3. Carriers ⬅⬤227(3) — General allegation of delay in transporting cattle not sufficient to justify proof of delay at any point.**

A general allegation of delay in transporting cattle was sufficient to justify proof of delay at any point along the journey.

**4. Trial ⬅⬤350(6)—Evidence justified special issue whether cattle, if not delayed, could have reached market on named date.**

In action for damages to cattle caused by delay in transporting, evidence *held* to justify special issue as to whether, if cattle had not been delayed, they could have reached destination in time for market on named date.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Action by T. H. Cade against the Atchison, Topeka & Santa Fé Railway Company and others. Judgment for plaintiff, and defendant named and receivers of the Texas & Pacific Railway Company appeal. Affirmed.

Terry, Cavin & Mills, of Galveston, Lee, Lomax & Wren and Thompson, Barwise & Wharton, all of Fort Worth, and R. S. Shapard and George Thompson, both of Dallas, for appellants.

C. A. Wright, of Fort Worth, for appellee.

FLY, C. J. This is a case of damages to cattle while being transported from Taiban, N. M., to Fort Worth, Tex. The suit was instituted by appellee against the Atchison, Topeka & Santa Fé Railway Company, the Panhandle & Santa Fé Railway Company, and the receivers of the Texas & Pacific Railway Company. It was alleged that the damages were caused by delay in transporting at Baird, Sweet Water, and Fort Worth, Tex., and generally, and a failure to properly feed and water the cattle while in transit. Appellants filed general and special exceptions, general denials and special pleas denying liability, and alleging contributory negligence on the part of appellee in not feeding and watering the cattle as he had agreed to

---

⬅⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

do. Two years' limitation was pleaded. The cause was submitted through special issues, and on the answers of the jury thereto judgment was rendered in favor of appellee as against the Atchison, Topeka, & Santa Fé Railway Company and the receivers of the Texas & Pacific Railway Company for $154.20. The cause was dismissed as to the Panhandle & Santa Fé Railway Company at the cost of appellee. The two first named railways perfected this appeal.

[1] The court has experienced some difficulty in discovering the brief of appellee amid the numerous motions with wrappers of the same color as the briefs; the latter having no style of the case and nothing on the wrappers to indicate the character of the paper contained therein. In this connection this court insists that attorneys should lend some aid to the court in the identification of papers, and not make it necessary to open and read the papers to ascertain to what part of the case they appertain. When the Legislature passed the law granting permission to attorneys to file typewritten briefs of any length desired, we do not think that it was contemplated that to the difficulties of deciphering the briefs should be added the difficulties of identification of papers. We speak of this because the failure to write anything on the outside of papers in cases has become widespread among the lawyers of Texas.

[2] The first, second, and third assignments of error are overruled. The evidence showed that the cattle left Taiban, N. M., at 7:45 p. m., September 26, 1922, and reached Sweet Water, Tex., at 2:15 a. m., September 28, a run of 267 miles in 30½ hours, after a stay of 6½ hours at Clovis, where they were unloaded and fed. There was no evidence of unnecessary delay between the initial point and Sweet Water. The cattle were in the cars from Clovis to Sweet Water. The cattle reached Sweet Water about 2:15 a. m. September 28th, and left that point about 8 a. m., September 28th. They reached Baird, Tex., about 8 p. m., on September 28th, having been in the cars for at least 36 hours without food or water. They were watered and fed at Baird, and detained there until about 3 p. m., September 29th, spending 19 hours in Baird. They reached Fort Worth about midnight September 29th.

A mere statement of the distances between points and the time consumed had a tendency to show delay without the evidence of an expert. When the evidence showed that the cattle were carried from Taiban to Sweet Water, a distance of 267 miles, in 24 hours, running time, and that 49½ hours were consumed in going 202 miles, it tended to show unreasonable delay. Five or six miles an hour for even a cattle train in these days of rapid speed seem rather like delay. If the cattle had been properly cared for at Sweet Water, and had been sent out on the regular cattle train at 2:40 p. m., they would have arrived in Fort Worth on the morning of September 29th, instead of getting there and being delivered at 6:20 a. m., September 30th. The evidence showed that the train on which the cattle left Sweet Water was not a special, as it was called by some of the witnesses for appellants, but was a local train which consumed 10½ hours in going from Sweet Water to Baird, a distance of sixty-five miles.

[3] There was no error in the submission of issue No. 1, and the fourth assignment of error is overruled, as well as assignment No. 5. There is a general allegation of delay which would justify proof of delay at any point along the journey.

There was no issue as to the right of appellants to unload, feed, and water the cattle at Baird, and the court properly refused to allow appellants to interpolate any such into the case.

[4] The third issue was not a charge upon the weight of the evidence, and it was proper for the jury to answer as to whether, if the cattle had not been delayed, they could have reached Fort Worth in time for the market of September 29th. The evidence justified the question and the answer given by the jury.

There is no merit in the objections to the fourth, fifth, sixth, and twelfth issues, and the eighth, ninth, tenth, and eleventh assignments of error are overruled.

There is no merit in the twelfth, thirteenth, fourteenth, fifteenth, sixteenth, and seventeenth assignments of error, and all are overruled.

The judgment is affirmed.